IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION,    :  | |
| Plaintiff,    :  | CIVIL ACTION NO. |
| :  | 1:14-CV-1534-WSD-WEJ |
| v.    :  | |
| :  | |
| TINA M. SANDERS,    :  | |
| Defendant pro se.    :  | |

**FINAL REPORT AND RECOMMENDATION**

Defendant pro se, Tina M. Sanders, is facing a dispossessory proceeding in the Magistrate Court of Gwinnett County, Georgia. (See Notice of Removal [1] & Exs. A & B [1-1].) Defendant seeks to remove that case to this Court. However, the Court is compelled to remand any action which has been improperly removed; therefore, the undersigned examines this case to determine if removal is proper. Nat'l Parks Conservation Ass'n v. Norton, 324 F.3d 1229, 1240 (11th Cir. 2003) (explaining that federal courts have an obligation to dismiss an action sua sponte if subject matter jurisdiction is lacking).

Attached to the Notice of Removal is a "Dispossessory Proceeding" [1-1] filed in the Magistrate Court of Gwinnett County. In the Notice of Removal, defendant indicates that she is a resident of Buford, Georgia, and alleges that the state court proceeding may be removed under the Court's diversity jurisdiction. (See generally

Notice for Removal.)  Defendant also filed a "First Amended Answer, Third Party Complaint and Counterclaim" [1-1] alleging improper notice of the alleged foreclosure and asserting a counterclaim under the False Claims Act.

A party who removes a state court case to federal district court pursuant to 28 U.S.C. § 1441 must prove that the court possesses "original jurisdiction." McNutt v. Gen. Motors Acceptance Corp. of Ind., 298 U.S. 178, 189 (1936).  Moreover, removal jurisdiction is construed narrowly, with all doubts resolved in favor of remand. See Pacheco de Perez v. AT&T Co., 139 F.3d 1368, 1373 (11th Cir. 1998).  The removing party has the burden of demonstrating the propriety of removal, Diaz v. Shepard, 85 F.3d 1502, 1505 (11th Cir. 1996), and federal courts have an obligation to dismiss an action sua sponte if subject matter jurisdiction is lacking, Nat'l Parks Conservation Ass'n v. Norton, 324 F.3d 1229, 1240 (11th Cir. 2003).

Original jurisdiction arises if there is diversity of parties or a federal question. 28 U.S.C. § 1441(a)-(b). However, § 1441(b)(2) bars removal on the basis of diversity if the "defendant[] is a citizen of the State in which [the] action is brought." Id. § 1441(b). Likewise, unless a "substantial" federal question is presented on the face of the state court complaint, the case does not arise under federal law. Rivet v. Regions Bank of La., 522 U.S. 470, 475 (1998); Kemp v. Int'l Bus. Machs. Corp., 109 F.3d 708, 712 (11th Cir. 1997). Neither a defendant's answer, counterclaim, nor notice of

2

removal may be used to establish federal question jurisdiction. Vaden v. Discover Bank, 556 U.S. 49, 60 (2009) (holding that federal jurisdiction cannot be predicated on an actual or anticipated defense or counterclaim); Buice v. Buford Broad., Inc., 553 F. Supp. 388, 389 (N.D. Ga. 1983); 14B Charles A. Wright et al., Federal Practice & Procedure § 3722 (4th ed. 2014).

Because defendant is a Georgia domiciliary, the Court does not have diversity jurisdiction over this Gwinnett County action. Likewise, the "Dispossessory Proceeding" indicates no federal question. Plaintiff, U.S. Bank National Association, cannot be subjected to federal jurisdiction after having filed for eviction on state law grounds in state court. Finally, defendant cannot remove a case to federal court under the Court's federal question jurisdiction on the basis of a federal counterclaim. See Vaden, 556 U.S. at 60 ("Nor can federal jurisdiction rest upon an actual or anticipated counterclaim."). Nor can she pursue a claim under the False Claims Act pro se. See U.S. ex. rel. Fisher v. Network Software Assocs., 377 F. Supp. 2d 195, 196 (D.D.C. 2005) ("[A] relator in a qui tam action under the [False Claims Act] may not proceed pro se.").

Accordingly, because defendant has failed to demonstrate any lawful basis for removal, the undersigned **RECOMMENDS** that this action be **REMANDED** to the Magistrate Court of Gwinnett County pursuant to 28 U.S.C. § 1446(c)(4).

3

## IV. CONCLUSION

For the reasons set forth above, the undersigned **RECOMMENDS** this case be **REMANDED** to the Magistrate Court of Gwinnett County, Georgia.

The Clerk is **DIRECTED** to terminate the reference to the undersigned Magistrate Judge.

**SO RECOMMENDED**, this 27th day of May, 2014.

_____
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)