**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

U.S. BANK NATIONAL
ASSOCIATION,

               Plaintiff,

   v.                                         1:14-cv-1534-WSD

TINA M. SANDERS,

               Defendant.

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Walter E. Johnson's Report and Recommendation ("R&R") [4] which recommends remanding this dispossessory action to the Magistrate Court of Gwinnett County, Georgia. Also before the Court is Defendant's Application to Appeal *In Forma Pauperis* [7].

**I.    BACKGROUND**

On April 30, 2014, U.S. Bank National Association ("Plaintiff" or "U.S. Bank") filed, in the Magistrate Court of Gwinnett County, Georgia, a dispossessory proceeding ("Complaint") [1.1 at 2-3] against Tina M. Sanders ("Defendant" or "Sanders"). The Complaint asserts that Defendant is a tenant at sufferance following an April 1, 2014, foreclosure sale of Defendant's property.

On May 20, 2014, Defendant, proceeding *pro se*, removed the Gwinnett County Action to this Court on the basis of diversity of citizenship. (Notice of Removal [1] at 2).

On May 20, 2014, Defendant also filed her "First Amended Answer, Third Party Complaint and Counterclaim" ("Answer") [1.1 at 9-11]. Defendant alleges that she "did not receive proper notice of the alleged foreclosure" and that "her Note is paid in full and there is not [sic] default" because "[t]he United States of American [sic] [p]aid [her mortgage] via the Pooling and Service [sic] Agreement." (Answer at 2). Defendant asserts a counterclaim for violation of the False Claims Act and seeks to recover $1,000,000.

On May 27, 2014, Magistrate Judge Johnson issued his R&R. The Magistrate Judge considered, *sua sponte*, whether the Court has subject-matter jurisdiction over this action. He concluded that the Court's jurisdiction cannot be based on diversity of citizenship. He also found that Plaintiff's Complaint is a dispossessory action, which is based on state law. Noting that a federal law defense or counterclaim alone is not sufficient to confer federal jurisdiction, the Magistrate Judge concluded that the Court does not have federal question jurisdiction over this matter. Because the Court lacks subject-matter jurisdiction, the Magistrate Judge recommended that this action be remanded to state court.

On June 9, 2014, Defendant filed her Application to Appeal *In Forma Pauperis* ("IFP") [7], seeking to appeal the Magistrate Judge's R&R.

On August 18, 2014, the Eleventh Circuit dismissed *sua sponte* Defendant's appeal [13]. The Eleventh Circuit found that it lacked jurisdiction to review directly the R&R, which is not a final and appealable decision. Because the Eleventh Circuit has dismissed her appeal, Defendant's Application to Appeal IFP is denied as moot.[1]

---

[1] Even if it had had not been dismissed, Plaintiff's appeal is not taken in good faith because "[d]ecisions by a magistrate pursuant to 28 U.S.C. § 636(b) are not final orders and may not be appealed until rendered final by a district court." See Donovan v. Sarasota Concrete Co., 693 F.2d 1061, 1066-67 (11th Cir. 1982). Plaintiff's Application to Appeal IFP is required to be denied for this additional reason. See Fed. R. App. P. 24(a)(3)(A) (appeal may not be taken IFP if the trial court certifies that the appeal is not taken in good faith); Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (IFP action is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law or fact.").

The Court also notes that, because this action was removed to this Court based on 28 U.S.C. § 1332, which provides for diversity of citizenship, an order remanding this action for lack of subject-matter jurisdiction is not reviewable on appeal. See 28 U.S.C. § 1447(d) ("[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise," except where removal is based Section 1442 or 1443); 28 U.S.C. § 1442 (providing removal for actions against federal officers); 28 U.S.C. § 1443 (providing removal for a narrow category of civil rights actions).

## II. DISCUSSION

### A. Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). With respect to those findings and recommendations to which a party has not asserted objections, the Court must conduct a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

The parties have not objected to the R&R and the Court thus conducts a plain error review of the record.[2]

---

[2] In her Notice of Appeal, Defendant appears to argue that this action arises under federal law because Georgia's dispossessory process violates her rights under the United States Constitution. Even if the Court construed Defendant's Notice of Appeal as objections to the R&R, the Court would determine on its *de novo* review that the Court lacks federal question jurisdiction because Plaintiff's Complaint is a dispossessory proceeding based solely on Georgia law and "[t]he presence of a federal defense does not make the case removable . . . ."). See Caterpillar Inc. v. Williams, 482 U.S. 386, 392-93 (1987).

B. Analysis

In her Notice of Removal, Defendant appears to assert that the Court has subject-matter jurisdiction based on diversity of citizenship. Diversity jurisdiction exists over suits between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Here, the record does not show the citizenship of the parties, and, even if there is complete diversity between the parties, the amount-in-controversy requirement cannot be satisfied because this is a dispossessory action. "[A] claim seeking only ejectment in a dispossessory action cannot be reduced to a monetary sum for the purposes of determining the amount in controversy." Citimortgage, Inc. v. Dhinoja, 705 F. Supp. 2d 1378, 1382 (N.D. Ga. 2010); Novastar Mortg., Inc. v. Bennett, 173 F. Supp. 2d 1358, 1361 (N.D. Ga. 2001), aff'd, 35 F. App'x 858 (11th Cir. 2002); cf. Fed. Home Loan Mortg. Corp. v. Williams, Nos. 1:07-cv-2864-RWS, 1:07-cv-2865-RWS, 2008 WL 115096, at *2 (N.D. Ga. Jan 29, 2008) ("[A] dispossessory proceeding under Georgia law is not an ownership dispute, but rather only a dispute over the limited right to possession, title to property is not at issue and, accordingly, the removing Defendant may not rely on the value of the property as a whole to satisfy

the amount in controversy requirement.").³ The Court finds no plain error in the Magistrate Judge's finding that diversity jurisdiction does not exist over this action.

Although not alleged in the Notice of Removal, because of Defendant's *pro se* status, the Magistrate Judge also considered whether the Court has subject-matter jurisdiction based on the existence of a federal question. It is well-settled that federal question jurisdiction exists only when a federal question is presented on the face of a plaintiff's well-pleaded complaint, and that the assertions of defenses or counterclaims based on federal law cannot confer federal question jurisdiction over a cause of action. See Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003); Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830-32 (2002). Here, Plaintiff's Complaint is a dispossessory proceeding against Defendant based only on state law. See O.C.G.A. § 44-7-50;

---

³ Defendant asserts that the amount in controversy requirement is satisfied because "[t]he loan in question and in dispute herein, which Plaintiff seek[s] to foreclose (and which will be extinguished if the foreclosure is allowed to proceed) is in the original principal amount of $600,000." (Notice of Removal at 2). Here, foreclosure has already occurred, title to the Property is vested in Plaintiff, and Plaintiff seeks only possession of the Property. See Tampa Inv. Group, Inc. v. Branch Banking and Trust Co., Inc., 723 S.E.2d 674, 677 (Ga. 2012) (quoting Cummings v. Johnson, 129 S.E.2d 762, 763 (Ga. 1963)) ("A sale under the powers contained in a deed to secure debt divests the grantor of all title, and right of equity of redemption, to the lands described in the deed."). The original principal amount of Defendant's loan simply is not at issue in Plaintiff's Complaint.

Steed v. Fed. Nat'l Mortg. Corp., 689 S.E.2d 843 (Ga. Ct. App. 2009) (when former owner of real property remain in possession after foreclosure sale, she becomes "tenant at sufferance," and thus landlord-tenant relationship exists and dispossessory procedure in O.C.G.A. § 44-7-50 applies). The Court finds no plain error in the Magistrate Judge's finding that federal question jurisdiction does not exist over this action.[4]

Because the Court lacks both diversity of citizenship and federal question jurisdiction, this action is required to be remanded to the state court. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Walter E. Johnson's Report and Recommendation [4] is **ADOPTED.**

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the Magistrate Court of Gwinnett County, Georgia.

---

[4] The Court also agrees with the Magistrate Judge's finding that Defendant, proceeding *pro se*, cannot pursue a claim under the False Claims Act. See Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008).

**IT IS FURTHER ORDERED** that Defendant's Application to Appeal *In Forma Pauperis* [7] is **DENIED AS MOOT.**

**SO ORDERED** this 30th day of September, 2014.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE